## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 12 2015, 10:15 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Plainfield, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| James M.A. Howard, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | March 12, 2015 <br><br> Court of Appeals Case No. 84A05-1408-CR-396 <br><br> Appeal from the Vigo Superior Court <br><br> The Honorable David R. Bolk, Judge <br><br> Case No. 84D03-1207-FC-2330 |

**Vaidik, Chief Judge.**

## Case Summary

[1] James M.A. Howard was serving the first year of a three-year probation sentence when he committed felony burglary. The trial court revoked his

probation and ordered him to serve two years of his previously suspended three-year sentence. Howard argues that the trial court abused its discretion in not returning him to probation. Because the trial court had no reason to believe that Howard would be deterred from committing more crimes if he remained on probation, we affirm Howard's sentence.

# Facts and Procedural History

[2] In 2012 Howard pled guilty to Class C felony battery by means of a deadly weapon. Appellant's App. p. 19. In January 2013 the trial court sentenced him to five years, with two years "executed as a direct commitment to the Vigo County Work Release Program" and three years suspended to probation. *Id.* at 23-24. Because of credit time that Howard had accrued before sentencing, the court found that he had already "served the executed portion of [his] sentence in its entirety" and placed him on probation. *Id.* at 23.

[3] In October 2013, while Howard was serving the first year of his probation sentence, he broke into a house and barn and stole guns and tools. State's Ex. 1. The State charged Howard with Class C felony burglary and Class A misdemeanor criminal trespass. Howard pled guilty to Class C felony burglary in June 2014.

[4] Meanwhile, in November 2013 the probation department filed a notice of probation violation alleging that Howard violated his probation by committing a criminal offense while he was on probation. Appellant's App. p. 32. At the

probation-violation hearing in July 2014, Howard admitted that he violated the terms of his probation. Tr. p. 5. He asked the trial court to "restore[] him to probation" and give him a chance to get a job, pay his child support, and visit his son. *Id.* at 10-11. Howard testified that he was living with his grandparents at the time of his arrest, but if he were released, he would "[m]ost likely" live at his aunt's house. *Id.* at 8. Howard said that although he was not working at the time of his arrest, he was "about to start a job in Avon with [his] uncle" at a steel factory making $10-15/hour. *Id.*

[5] In pronouncing sentence, the trial court noted its frustration that Howard, while on probation, did not "gain[] some tools to help himself stay crime-free." *Id.* at 16. Instead, nine months after being placed on probation, Howard "committed a burglary" involving guns. *Id.* at 17. Accordingly, the trial court ordered that two years of Howard's previously suspended three-year sentence be executed at the Indiana Department of Correction. *Id.*

[6] Howard now appeals.

# Discussion and Decision

[7] Howard contends that the trial court abused its discretion in not returning him to probation. Once a trial court has exercised its grace by ordering probation rather than incarceration, "the judge should have considerable leeway in deciding how to proceed." *Prewitt v. State*, 878 N.E.2d 184, 187 (Ind. 2007). If this discretion were not given to trial courts and sentences were scrutinized too

severely on appeal, trial judges might be less inclined to order probation. *Id.* Accordingly, a trial court's sentencing decision for a probation violation is reviewable using the abuse-of-discretion standard. *Id.* An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

[8] If a trial court finds that a person has violated his probation before termination of the period, the court may order execution of all or part of the sentence that was suspended at the time of initial sentencing. Ind. Code § 35-38-2-3(h)(3). Here, Howard argues that he should be returned to probation because "he had secured full-time employment at a steel factory earning enough money to support his dependent child," "he had arranged to live with family members in a stable environment," and "he exercised regular parenting time with his son." Appellant's Br. p. 4. This evidence does not show that the trial court abused its discretion. Howard committed a burglary while serving the first year of a three-year probation sentence. Moreover, Howard did so *while* he was already living with family members (his grandparents) and *while* he already had parenting time with his son and was court-ordered to support him. In addition, other than his own testimony, Howard presented no evidence that he was "about" to start a job when he was arrested or that the job was still available given his newest felony conviction. Even if it were true that Howard was taking steps to improve his life, none of these things stopped him from breaking into a house and barn to steal guns and tools while he was in the early stage of probation. Accordingly, the trial court had no reason to believe that Howard would be

deterred from committing more crimes if he remained on probation. We therefore affirm Howard's sentence.

[9] Affirmed.

Baker, J., and Riley, J., concur.